**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Yoandry Piedra More,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-05081-PHX-RM

**ORDER**

On July 17, 2026, Petitioner initiated this 28 U.S.C. § 2241 action, challenging his immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) Respondents filed a Response in which they state that Petitioner's *in absentia* removal order became final on October 23, 2025. (Doc. 5 at 2.) Respondents further state: "The Department of Homeland Security filed a Motion to Reopen and Rescind In Absentia Order after Petitioner requested to be removed to Mexico. That motion remains pending before the Immigration Judge." (*Id.*) On September 10, 2026, Petitioner filed an Amended Petition under § 2241, raising a *Zadvydas* claim as well as due process claims premised on prolonged detention without a bond hearing and re-detention without a pre-deprivation hearing. (Doc. 8.)

A habeas petition may be amended as provided by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive

pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, Petitioner filed his Amended Petition more than 21 days after service of his original Petition (*see* Doc. 4), and more than 21 days after service of Respondents' Response (*see* Doc. 5). Accordingly, whether Petitioner's Amended Petition may be considered the operative pleading in this matter requires either the opposing party's written consent, or the permission of the Court. Respondents have not filed a written consent to the filing of Petitioner's Amended Petition. However, the Court finds that the interests of justice require allowing leave to amend in this matter. The record does not indicate that Respondents would be prejudiced by amendment, that the amendment is sought in bad faith, that it would produce an undue delay in this litigation, or is futile. Accordingly, the Amended Petition is the operative pleading in this matter.[1]

The Court will require Respondents to file a response to the Amended Petition within seven days of the date this Order is filed. The Court notes that the status of Petitioner's immigration proceedings is unclear. If Petitioner's order of removal is still final, he is subject to discretionary detention under 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689. Respondents' response to Petitioner's amended § 2241 Petition must include information regarding the status of Petitioner's removal proceedings and Respondents' efforts to remove Petitioner. The response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

. . . .

---

[1] Petitioner did not file a motion requesting leave to amend; however, given Petitioner's pro se status the Court will excuse his failure to do so.

**IT IS ORDERED** that the Amended Petition (Doc. 8) is the operative pleading in this matter. Within **seven (7) days** of the date this Order is filed, Respondents shall file a response to Petitioner's Amended Petition (Doc. 8), as set forth herein.

Dated this 10th day of November, 2026.

Honorable Rosemary Márquez
United States District Judge